# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50165

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID ANDREW DIEHL, also known as David A. Diehl,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1124
USDC No. 1:10-CR-297-1

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

David Andrew Diehl, federal prisoner # 53214-018, was found guilty of ten counts of producing child pornography under 18 U.S.C. § 2251(a), and he was sentenced to serve a total of 600 months in prison and five years of supervised release. The district court denied the 28 U.S.C. § 2255 motion he filed to challenge these convictions and sentence, and he moves this court for a certificate of appealability (COA) on claims concerning limitations, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdictional nexus to support his conviction, his sentence, ineffective assistance of counsel, *Brady v. Maryland*, 373 U.S. 83 (1963), and discovery. He also argues that the district court erred by not holding an evidentiary hearing. His outstanding motions to supplement his COA motion are GRANTED.

To obtain a COA, one must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues he presents "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because Diehl has not met these standards, his COA motion is DENIED. We construe the motion for a COA with respect to the district court's declining to hold an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and AFFIRM.